UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAPE M. DIEDHIOU,

                Plaintiff,

– against –

THE REPUBLIC OF SENEGAL, and TERANGA, LLC,

                Defendants.

**ORDER**

20 Civ. 5685 (ER)

Ramos, D.J.:

On December 25, 2020, Plaintiff filed a request for a proposed Clerk's certificate of default against Senegal. Doc. 13. The request was denied, and Plaintiff moved to reconsider the denial. Doc. 14. The Court granted Plaintiff's motion on January 15, 2021, and the Clerk issued its certificate of default. Docs. 18, 19. Later that day, Senegal filed a letter seeking a pre-motion conference in anticipation of filing a motion to vacate the clerk's certificate of default. Doc. 20.

Under Rule 55(c), a court considering a request to set aside a certificate of default must consider (1) whether the default was willful; (2) whether setting it aside would prejudice the opposing party; and (3) whether a meritorious defense is presented. *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981). The Rule 55(c) standard is less rigorous than one to set aside a judgment under Rule 60(b). *Id.* at 276. Courts in this Circuit have expressed a "strong preference for resolving disputes on the merits." *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (internal quotation marks and citation omitted). Default judgments are "especially" disfavored against foreign sovereigns. *See First Fidelity Bank, N.A. v. Gov't of Antigua & Barbuda-Permanent Mission*, 877 F.2d 189, 196 (2d Cir. 1989).

In support of its request, Senegal argues that (1) the service package was not delivered to the new Minister of Foreign Affairs due to a mailroom error; (2) Senegal intends to assert

defenses based on the statute of frauds and statute of limitations, and on the basis that quasi-contract relief is not available; and that (3) after filing a notice of appearance, Counsel for Senegal attempted in good faith to negotiate an extension of time to respond to the Complaint. *See* Doc. 20 at 1-3.  Moreover, because Senegal filed its request for a pre-motion conference to vacate the certificate of default the same day that the certificate was issued (and before any Order to Show Cause was issued) it is also unlikely that Plaintiff will be significantly prejudiced by the vacatur of the certificate.

Given this Circuit's preference for resolving disputes on the merits, Senegal's explanation for its initial delay in appearing in this case and prompt effort to seek vacatur, and the early posture of this case, the Court hereby GRANTS Senegal's motion to vacate the Clerk's certificate of default.[1]  The Clerk of Court is respectfully instructed to vacate the certificate of default.  The parties are instructed to confer and jointly stipulate to a date by which Senegal must answer, move, otherwise respond to the Complaint.  Such stipulation must be filed with the Court by no later than January 22, 2021.

It is SO ORDERED.

Dated:   January 18, 2021
         New York, New York

_____
Edgardo Ramos, U.S.D.J.

---

[1] The request for a pre-motion conference is denied as moot.