**MEMO ENDORSED**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| In re: PAPE M. DIEDHIOU v. THE REPUBLIC OF SENEGAL, et al | |
|---|---|
| | Hon. Ramos |
| **THIS DOCUMENT RELATES TO:** | |
| *Re: Plaintiff's Request for Leave to File a Motion to Stay Discovery* | Case No. 1:20-CV-05685 |

Dear Judge:

My office represents the Defendant Republic of Senegal in the above stated matter. Before this Court, is currently pending Defendant's Motion to Dismiss Plaintiff's Complaint under Rule 12(b)(6).

My office was contacted by defense counsel on June 3, 2021 for the purpose of scheduling a Rule 26(f) conference. My office replied that a motion was currently pending, and that Defendant would decline discovery at this time until resolution of the motion. Defense counsel replied that Defendant's Motion did not stay discovery. Defense counsel cites O'Sullivan v. Deutsche Bank AG, 2018 U.S. Dist. LEXIS 70418 to buttress Plaintiff's position.

Because Defendant has good cause to request a stay of discovery, this letter-motion is made.

It is well settled law that a motion to dismiss does not automatically stay discovery, except in cases covered by the Private Securities Litigation Reform Act. Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 72 (S.D.N.Y. 2013).

However, a district court has discretion to stay discovery pursuant to Rule 26 (c) upon showing of good cause. Mirra v. Jordan, No. 15-CV-4100(AT)(KNF), 2016 U.S. Dist. LEXIS 30492(S.D.N.Y. Mar. 1, 2016). In determining whether good cause exists for a stay of discovery, three factors are considered : (1) the strength of the dispositive motion;(2) the breadth of the discovery sought; and (3) the prejudice a stay would have on the non-moving party. Lithgow v. Edelman, 247 F.R.D. 61, 62 (D. Conn. 2007).

Here, Plaintiff filed a complaint with six causes of action. This is action pertaining to a real estate transaction, wherein Plaintiff, although not a broker, did not secure a written contract; and therefore, Defendant's Motion is very strong and the likelihood of success is very high. In addition, should Defendant's Motion fail to dispose of the entire complaint, it can at the very least shape the number and nature of the claims going forward in a manner that could significantly impact the breadth of discovery; and therefore, proceed to discovery could lead to unnecessary expenditures of time and resources. Barnes v. County of Monroe, No. 10-CV-6164, 2013 U.S. Dist. LEXIS 134344 (W.D.N.Y. Sept. 19, 2013). Lastly, Plaintiff will not unfairly be prejudiced by a stay under the circumstances, particularly because money damages, not equitable relief is at stake.

For the foregoing reasons, Defendant respectfully requests that the request be granted.

My client, through its attorney, thanks this Court for its time, and consideration.

Dated: June 8, 2021                                              Sincerely,

cc: *via ECF*                                                    _____/s/ryannekonan_____

                                                                 RYANNE G. KONAN, ESQ.(RK2889)
J.R. Skrabanek, Esq.                                             4 MARSHALL ROAD
                                                                   SUITE 107
                                                                 WAPPINGERS FALLS, NY 12590

> The request is GRANTED.  Discovery will be stayed until a decision is issued on the Motion to Dismiss.  SO ORDERED.
>
> Edgardo Ramos, U.S.D.J
> Dated: 6/9/2021
> New York, New York