UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Diedhiou,<br><br>       Plaintiff,<br><br>  v.<br><br>The Republic of Senegal et al.,<br><br>       Defendants. | 20-CV-5685 (DEH)<br><br>MEMORANDUM ORDER |

DALE E. HO, United States District Judge:

  Currently before the Court are several Motions filed by Plaintiff proceeding *pro se* Pape Diedhiou, including two motions regarding his former counsel's retaining and charging liens, ECF Nos. 186 & 188.

  Mr. Diedhiou's motions regarding his former counsel's charging and retaining liens are, in substance, the same, so the Court adjudicates them jointly. Briefly, Mr. Diedhiou was represented by Thompson & Skrabanek, PLLC from when the Complaint was filed on July 23, 2020, until November 8, 2024, when the Court granted Thompson & Skrabanek's motion to withdraw. ECF No. 170. Thompson & Skrabanek filed a notice of its entitlement to both a retaining lien and charging lien, ECF No. 166, and one of its attorneys filed a declaration and supporting documents regarding the amount of the charging lien, ECF No. 171. Around the same time, Mr. Diedhiou mailed several *ex parte* letters to the Court accusing his Thompson & Skrabanek attorneys of misconduct and attaching various correspondence either protected by the attorney-client privilege or containing sensitive financial information. Mr. Diedhiou has now filed one such letter on the public docket connection with this motion. *See* ECF No. 188 at 5-38. Mr. Diedhiou's letter also states that he "contacted the Manhattan Attorney Grievance Committee to ensure the matter was reviewed by the appropriate disciplinary body." *Id.* at 1-2.

Mr. Diedhiou now requests that the Court "strike or deny . . . the attempted lien on this case as without legitimate basis," "[d]irect the Clerk of Court to remove or annotate any docket entry relating to the lien to clarify that it is contested and not adjudicated," or "[c]onsider issuing an Order to Show Cause requiring [Thompson & Skrabanek] to explain the legal and factual basis for [its] attempted lien." ECF No. 188 at 2. He cites no legal authority for the Court to take any of the requested actions. However, because Mr. Diedhiou is proceeding *pro se*, the Court "liberally construe[s]" his "submissions . . . as raising the strongest arguments they suggest." *Cheng v. United States*, 132 F.4th 655, 658 (2d Cir. 2025).

Having construed Mr. Diedhiou's lien-related motions as raising "the strongest arguments they suggest," the Court nonetheless holds that they are **DENIED** as premature. Thompson & Skrabanek is entitled to pursue a charging lien against Mr. Diedhiou pursuant to New York Judiciary Law § 475. Such a lien may "attach[] to a verdict, report, determination, decision, award, settlement, judgment or final order in [Mr. Diedhiou's] favor, and the proceeds thereof in whatever hands they may come." N.Y. Jud. Law § 475 (McKinney 2013). This statute "creates an equitable right and remedy cognizable in the federal courts." *Villar v. City of New York*, 546 F. Supp. 3d 280, 290 (S.D.N.Y. 2021). Because this case remains ongoing—that is, because there is no "determination, decision, award, settlement, judgment or final order"—no charging lien has attached, which is why Thompson & Skrabanek has filed a *notice* of its charging lien, not a motion for a charging lien. *See* ECF No. 166. If (1) there is a "determination, decision, award, settlement, judgment or final order" in this case, and (2) Thompson & Skrabanek files a motion for a charging lien, <u>then</u> Mr. Diedhiou may file an opposition to Thompson & Skrabanek's motion, and the Court will adjudicate that motion. It is premature for the Court to "strike or deny . . . the attempted lien on this case" now.

The other relief Mr. Diedhiou requests is premature, too. There is no need for the Court to "[d]irect the Clerk of Court to remove or annotate any docket entry relating to the lien to clarify that it is contested and not adjudicated" because a review of the docket shows that the Court has taken no action on Thompson & Skrabanek's charging lien. Indeed, the Court noted that it "will resolve the charging lien in due course" in a Memorandum Endorsement dated February 5, 2025. ECF No. 181. The lack of any order adjudicating the charging lien, when read in combination with Mr. Diedhiou's multiple filings opposing the lien (i.e., two of the motions at issue in this Order), make clear that the issue of the charging lien "is contested and not adjudicated." Thus, the Court need not direct the Clerk of Court to remove or annotate any docket entry relating to the charging liens. Nor does the Court need to issue "an Order to Show Cause requiring [Thompson & Skrabanek] to explain the legal and factual basis for [its] attempted lien." Thompson & Skrabanek has already done so at ECF Nos. 166 and 171. No additional information is needed from that firm at this time.

For these reasons, Mr. Diedhiou's lien motions are **DENIED**. The Clerk of Court is respectfully directed to terminate ECF Nos. 186 and 188.

Dated: September 17, 2025
      New York, New York

                                                                DALE E. HO
                                           United States District Judge